**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Rosalez, *et al.*, | No. CV-20-00766-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Hartford Financial Services Group Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant Hartford Financial Services Group, Inc.'s ("HFSG") Motion to Dismiss for lack of Personal Jurisdiction (Doc. 11, Mot.), to which Plaintiffs Edward and Roberta Rosalez ("Rosalez" or "Plaintiff") filed a Response (Doc. 13, Resp.), and HFSG filed a Reply (Doc. 15, Reply). The Court has reviewed the parties' briefs and finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

Plaintiff Edward Rosalez is a resident and citizen of the State of Arizona. He is married to Plaintiff Roberta Rosalez. (Doc. 1-4 at 13, 1st Am. Compl. ("FAC").) HFSG is a holding company incorporated in Delaware, with its primary place of business in Connecticut, and the parent company of Co-Defendants Twin City Fire Insurance Company and Hartford Fire Insurance Company. (Mot. at 2, 9; Doc. 13-5 at 1.) In his Complaint, Plaintiff raises claims of breach of the duty of good faith and fair dealing; and aiding and abetting against Defendants for their handling of his worker's compensation claim after he was injured at work. (FAC ¶¶ 48-53, 58-65). HFSG now moves to dismiss Plaintiff's claims against it for lack of personal jurisdiction. (Mot. at 3.)

1    **I.      LEGAL STANDARD**

2              For a federal court to adjudicate a matter, it must have jurisdiction over the parties.

3    *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The party

4    bringing the action has the burden of establishing that personal jurisdiction exists.

5    *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v.*

6    *Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Data Disc, Inc. v. Sys. Tech.*

7    *Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When a defendant moves, prior to trial,

8    to dismiss a complaint for lack of personal jurisdiction, the plaintiff must "'come forward

9    with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*,

10   792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551

11   F.2d 784, 787 (9th Cir. 1977)).

12             Because there is no statutory method for resolving the question of personal

13   jurisdiction, "the mode of determination is left to the trial court." *Data Disc,* 557 F.2d at

14   1285 (citing *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939)). Where, as here, a court resolves

15   the question of personal jurisdiction upon motions and supporting documents, the plaintiff

16   "must make only a prima facie showing of jurisdictional facts through the submitted

17   materials in order to avoid a defendant's motion to dismiss." *Id.* In determining whether

18   the plaintiff has met that burden, the "uncontroverted allegations in [the plaintiff's]

19   complaint must be taken as true, and conflicts between the facts contained in the parties'

20   affidavits must be resolved in [the plaintiff's] favor." *Rio Props., Inc.*, 284 F.3d at 1019

21   (citation omitted).

22             To establish personal jurisdiction over a nonresident defendant, a plaintiff must

23   show that the forum state's long-arm statute confers jurisdiction over the defendant and

24   that the exercise of jurisdiction comports with constitutional principles of due process. *Id.*;

25   *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's

26   long-arm statute allows the exercise of personal jurisdiction to the same extent as the

27   United States Constitution. *See* Ariz. R. Civ. Proc. 4.2(a); *Cybersell v. Cybersell*, 130 F.3d

28   414, 416 (9th Cir. 1997); *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995)

(stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution"). Thus, a court in Arizona may exercise personal jurisdiction over a nonresident defendant so long as doing so accords with constitutional principles of due process. *Cybersell*, 130 F.3d at 416.

Due process requires that a nonresident defendant have sufficient minimum contacts with the forum state so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Data Disc,* 557 F.2d at 1287. Courts recognize two bases for personal jurisdiction within the confines of due process: "(1) 'general jurisdiction' which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the defendant in all matters; and (2) 'specific jurisdiction' which arises out of the defendant's contacts with the forum state giving rise to the subject litigation." *Birder v. Jockey's Guild, Inc.*, 444 F. Supp. 2d 1005, 1008 (C.D. Cal. 2006).

## II.     ANALYSIS

### A.     General Jurisdiction

General jurisdiction exists where a defendant's activities within a state are "so substantial" or "continuous and systematic" that they essentially "render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 138, 159 n.19 (2014). However, the inquiry is not based "solely on the magnitude of the defendant's in-state contacts." *Id.* at 159 n.20. Instead, general jurisdiction "calls for an appraisal of a corporation's activities in their entirety." *Id.* Ultimately, "a corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*

In its Motion, HFSG argues the Court lacks both general and specific jurisdiction over it. (Mot. at 4-5.) In his Response, Plaintiff neither explicitly argues the Court has general jurisdiction over HFSG, nor points to applicable jurisdictional facts. Plaintiff thus fails to meet HFSG's contentions that it is separate and distinct from its subsidiaries— Co-Defendants Twin City Fire Insurance Company and Hartford Fire Insurance

Company—and has no place of business or other systematic and continuous contacts in Arizona. (Mot. at 5.) As a result, Plaintiff fails to meet his burden to show the Court has general jurisdiction over HFSG.

### B.    Specific Jurisdiction

HFSG also asserts that it is not subject to specific jurisdiction in Arizona. (Mot. at 6.) It argues that "none of the facts alleged by Plaintiff indicate deliberate action by HFSG within Arizona," nor were they "enough to demonstrate . . . purposeful availment." (Reply at 7, 8.) In response, Plaintiff contends that "there is a prima facie showing [HFSG] handles claim[s] for its subsidiaries and employs the adjuster" and thus, jurisdiction is proper. (Resp. at 5.)

Whether a court may exercise specific jurisdiction in a given case turns on the extent of the defendant's contact with the forum and the degree to which the plaintiff's suit is related to the defendant's contacts. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). The Ninth Circuit uses the following approach to determine whether a court may exercise specific jurisdiction over a nonresident defendant: (1) the nonresident defendant must do some act in or consummate some transaction with the forum, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc*, 557 F.2d at 1287.

The plaintiff bears the burden of establishing the first two requirements of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff establishes the first two requirements, the burden shifts to the defendant to establish that the third requirement is not met. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). All three requirements must be met for the exercise of jurisdiction to comport with constitutional principles of due process. *Omeluk*, 52 F.3d at 270.

HFSG contends that Plaintiff fails to satisfy the first requirement of the Ninth Circuit's test for specific jurisdiction. (Mot. at 6.) To meet the first element—that the defendant purposefully directed activities at the forum state—the plaintiff must show the defendant "either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities towards the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802). The purposeful direction analysis is most commonly applied in cases alleging tortious conduct. *Mavrix Photo, Inc.*, 647 F.3d at 1228. Because (1) a breach of the duty of good faith and fair dealing and (2) aiding and abetting are "tort-like cause[s] of action," purposeful direction is the proper analytical framework. *Id.*

To determine whether the defendant's actions constitute purposeful direction, courts apply the "effects" test that was developed in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The effects test requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo!*, 433 F.3d at 1206.

In response to HFSG's Motion and controverting facts, Plaintiff has the burden to demonstrate that personal jurisdiction exists by proffering facts, by affidavit or otherwise, to the Court. *Scott*, 792 F.2d at 927. Plaintiff's facts fail to demonstrate how they have suffered any injury that is fairly traceable to an intentional act by HFSG. Plaintiff's claims against HFSG rely exclusively upon the assumption that "The Hartford" is synonymous with HFSG. (Resp. at 6.) Plaintiff points to the use of "The Hartford" within the Claims file, on letterhead and email addresses, as well as the "Legal Notice" on the Hartford Web page to bolster his conclusion that "[The Hartford] is HFSG." (Resp. at 6.)

This theory is belied by the Form 10-K's language. "The Hartford" is a defined term and trade name that refers to HFSG *and* its subsidiaries. (Mot. at 9.) A plain reading of the Form 10-K supports the conclusion that "The Hartford" is not a legal entity. This conclusion is bolstered by HFSG's Reply, which provides a copy of the "The Hartford" service mark, wholly owned by Hartford Fire Insurance Company, a subsidiary of HFSG

and named Defendant in this case. (Reply at 12.) The Form 10-K continues: "[HFSG] is *separate and distinct* from its subsidiaries and has no significant business operations of its own." (Reply at 12 (emphasis added)). Courts generally do not presume that a parent corporation is liable for the actions of its wholly owned subsidiary. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Plaintiff has produced no fact and the Complaint contains no uncontroverted factual allegation that HFSG purposefully directed its own activities at Arizona.

To the extent Plaintiff argues that his allegation that HFSG adjusted his claim should be sufficient to confer jurisdiction, that allegation is refuted by Defendants' repeated representations to Plaintiff, and now the Court, that HFSG did not employ Plaintiff's claim adjusters; Defendant Hartford Fire Insurance Company did. The Court also acknowledges Defendants' explanation (Reply at 3) for filing an Answer denying Plaintiff's allegation that Hartford Fire Insurance Company "is responsible for adjusting, administration, and handling of claims," because that allegation is broader than what Defendants have conceded: Twin City Fire Insurance Company wrote the policy and Hartford Fire Insurance Company employed the adjusters.

Thus, Plaintiff has failed to meet his burden to demonstrate that the Court has personal jurisdiction over HFSG. *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law"). Moreover, considering the allegations and facts before the Court, Plaintiff has failed to demonstrate how discovery would lead to evidence sufficient to confer jurisdiction over HFSG in this matter, so Plaintiff's request for jurisdictional discovery is denied.

## III.   CONCLUSION

Plaintiff has not met his burden to show that HFSG either has substantial, continuous, systematic activities in Arizona or that it purposefully directed its activities at Arizona under the *Calder* effects test, and the Court must therefore dismiss Plaintiff's claim against HFSG for lack of personal jurisdiction.

1    **IT IS THEREFORE ORDERED** granting Defendant Hartford Financial Services

2  Group, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 11). Plaintiff's

3  claim against this Defendant is dismissed.

4    Dated this 3rd day of February, 2021.

5

6    _____
   Honorable John J. Tuchi
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28